FILED - USDC -NH
2022 MAR 15 am 11:42

Maketa S. Jolly
101 East Baltimore Pike # 127
Media, Pennsylvania 19063
Phone 610 515 5154 | Fax 800 476 0457
Email: mjolly@jollyeducationconsultant.com

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF NEW HAMPSHIRE

| | |
|---|---|
| Maketa S. Jolly <br><br>        Plaintiff, <br><br> vs. <br><br> THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION. <br><br> JAMES "JIM" CONDOS, AN INDIVIDUAL AND OFFICIAL CAPACITY <br><br> LARRY NOVINS., AN INDIVIDUAL AND OFFICIAL CAPACITY <br><br>        Defendant | Case No.: Number <br><br><br> **VIOLATION OF CIVIL LIBERTIES;** <br><br> **VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983** <br><br> FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY |

# <u>COMPLIANT</u>

This complaint contains three counts. The first of three counts are brought pursuant to 42 U.S.C § 1983. Count I allege that the Defendants wrongfully deprived the plaintiff of (job-related) examinations that led to independent employment in the State of Vermont, in violation of the Fourth Amendment of the United States Constitution. Count II allege that S. Lauren Hibbert (Hibbert) and Phillis Mitchell (Mitchell) provided (faxes and emails) of the Vermont Secretary of State that disclosed the personal identifiable information (PII) of the plaintiff across interstate boundaries in violation of the Telecommunications Act. Count III alleges that Defendants violated her right to due process under the Fourteenth Amendment by failures to implement or provide provisions of administrative rules to redress application denials or withdraw of

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 1

application procedures. The Equal Employment Opportunities Act makes plain provisions for job-related applications and examinations. At the time of request for third-party examinations through the State of Vermont, state staffers understood that the state agencies failed to own or operate any portion thereof, and thus the only participation of the state were to release a state-bound license upon successful completion of the third-party critical thinking tool, and subsequent verification to the states of such findings.

**FIRST AMENDMENT CLAIM**

Plaintiffs First Amendment claim, which should be evaluated under the framework set forth by the Supreme Court in Mount Healthy City School District Board of Education v. Doyle, 429, U.S. 274, 97 S. Ct 568, 50 L. Ed 2d 471 (1977)., See Ctr. For Bio-Ethical Reform, Inc. v City of Springboro, 477 F. 3d 807, 821 6th Cir.. 2007) Under Mount Healthy and its progeny, a plaintiff must show that (1) the plaintiff was participating in a constitutionally protected activity (2) the defendant's action injured the plaintiff in a way likely to deter a person of ordinary firmness from further participation in that activity (3) the adverse action was motivated by the plaintiffs' protected conduct. See, e.g., Fritz v. Charter Twp. Of Comstock, 592 F.3d 718, 723 (6th Cir. 2010); Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc); Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir.1998., internal citations omitted).

The plaintiff raises an inference that the defendant's conduct was motivated by, in part the plaintiff's protected activity, the burden shifts to the defendant to "demonstrate that it would have taken the same action in the absence of the protected activity. Arnett v. Myers, 281 F. 3d 552, 560-561 (6th Cir. 2002)- citing Thaddaeus-X, 175 F. 3d. at 399. Second element of a First

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 2

Amendment retaliation claim requires an "adverse action" by the defendant that "would deter a person of ordinary firmness from continuing to engage in the kinds of protected conduct in which [the plaintiff] was engaging *Id.* (internal quotation marks and citations omitted).

**ARGUMENTS'**

Specifically, the allegations reported here are against S. Lauren Hibbert, Jim Condos, and Phillis Mitchell ("collectively, employees State of Vermont"). Counts I-II are waged against the United States Department of "Equal Employment Opportunities Commission" and "State of Vermont Secretary of State" office(s). Count III- are waged against S. Lauren Hibbert and Phillis Mitchell an individual for participation and development of falsified instruments shuttled interstate for the purposes of civil matters unrelated to the State of Vermont interest. Therefore, this complaint seeks redress, actual and punitive damages, and permanent injunctive relief, embolden requests for the permanent redaction of public and private data from state and federal repositories regarding data procured through the Office of State of Vermont Secretary dated on 30th day of July 2018. *(See., Secretary of State Jim Condos document).*

The Office of the State of Vermont Secretary participated with the distribution of the private contents of the letter, for the purpose of the interstate interchange of information. The states unapproved ad hoc disciplinary action was in direct rebuke of applications made to the State of Vermont, in terms of job-related examinations. The states disparate treatment refers to the intentional discrimination, where the state deliberately prohibited the plaintiff a member of three federally protected classes was deliberately treated differently that the state rules allowed. U.S.C 29 CFR § 1607.11 is the unequal treatment distinguished by the states acts that prohibited and

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983 FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 3

otherwise attempted to ensure delineation of job-related opportunities for the plaintiff. The plaintiff should have been afforded similar opportunities of her peers, and was not, for alternative state process that remitted her personal protected information (PII) using unapproved interstate procedures'. The plaintiff was not akin to criminal investigations', nor did the State of Vermont file officials' grievances in terms of misleading or defective application filings. In fact, the State of Vermont failed to notify or return the monies of the plaintiffs in connection to the job-related request.

## DISCRIMINATORY TREATMENT

In *McDonnell Douglas Corp. v Green, 411 U.S. 792 (1973)* the Courts set forth basic allocation of burden and order of presentation of proof in a Title VII case alleging discriminatory treatment. First, the plaintiff has met the burden of proving by the preponderance of the evidence. Second, since the plaintiff succeeds in proving the prima facie case, the burden the shifts to the states evidence that discrimination failed to occur. Third, the state must prove that the Vermont Board of Nursing offered "due process' proceedings', or opportunities to present additional experience driven metrics of acceptability as defined in Vermont's Nurse Practice Act 3 V.S.A 26., "preliminary denials" official letters of complaints associated with application or academic deficiency, such as, occupational experience that would abridge the plaintiffs access to third party examinations. (*See., Vermont Nurse Practice Act., Rule 1.6 Board of Trustees of Keene State College v. Sweeney 439, U.S. 24,25, n.2 (1978)*). The McDonnell issue of intermediary evidence the burden of information serves to bring litigants and the court expeditiously and fairly to this ultimate question.

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 4

The burden of establishing a prima facie case of disparate treatment is not onerous. The plaintiff has proven by exhibits and oaths that application to the State of Vermont Board of Nursing were filed on March 05, 2018. Vermont Nurse Practice Act fails to provide language that would prohibit application of or access to programs under section (Rule) Part 6.6 "Education and Experience": 6.6 Licensure by Endorsement and Experience The Board may issue a license to an applicant who: (a) is licensed as a registered nurse in a United States jurisdiction on the basis of a U.S. nursing education program and (b) has practiced nursing in that jurisdiction for a minimum of: (1) 50 days (400 hours) in the previous 2 years; or (2) 120 days (960 hours) in the previous 5 years. (c) If there is a question about the applicant's education or practice of nursing, the Board may require the applicant to provide a job description or other evidence of the required qualifications and expected job responsibilities. The job description shall be certified as true by employers or other appropriate persons. At the time of the plaintiff's application to the State of Vermont Board of Nursing. she held dual college conferrals: Associate's and Bachelor degree in Science, having been employed in various nursing roles for an estimated fifteen years as a Licensed Practical Nurse "LPN" in the Commonwealth of Pennsylvania.

This information was distributed to the Office of the Vermont Secretary of State on the 3oth of July to Jim Condos, Secretary of Vermont outlining the issues, with such providing proof of the measures reported therein. Because the state knew of the and participated with the development of Vermont's Nurse Practice Act, Mr. Condos knew full well that the plaintiff was eligible for state approval, for third party examinations.

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 5

## PRIMA FACIE CASE

To meet the burden of production required for a prima facie case of discrimination, the plaintiff must show that she (1) is a member of a protected class (2) was eligible for state testing job-related examinations' (3) was denied the benefit of examinations as similarly situated peers (4) the denial of access to job-related examinations give rise to inference of disparate treatment or discrimination. In this case, we call can agree by through reading of Vermont's Nurse Practice and State regulatory rules, and that the plaintiff met the metrics of the Registered Nurse job-related examinations', that were removed for causes unknown. The plaintiff may raise such as inference by showing that the state deliberately abridged access to the plaintiff's access to job-related tests, subjecting her to disparate treatment, that is, she was treated differently than any other nursing applicant in terms of due process, letters of denial or board meetings as prescribed through the rules. See., Chambers, 43, F. 3d at 37.

Whether there were causes for such treatment are facts for a jury to determine. The question, therefore, is whether the purpose to avoid disparate-impact liability excuses otherwise would be prohibited disparate treatment discriminations implemented by state staffers against job-related opportunities of the plaintiff. The Court has considered cases like the present litigation, but in the context of the Fourteenth Amendment's "Equal Protection Clause", such cases can provide helpful guidance in this statutory context. *See., Watson v. Fort Worth Bank & Trust 487 U.S. 977, 993, 108 S.Ct. 2777, 101 L.Ed. 2d. 827.* In these cases, the Court held that certain government actions to remedy past racial discrimination—actions that are themselves based on

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 6

race—are constitutional only where there is a "strong basis in evidence" that the remedial actions taken, were not met.

**TELEPHONE CONSUMER PROTECTION ACT**

The question in this case is whether a federal statute permits states to engage in the interstate interchangeable allocation of "private data; personally identifiable information (PII)" of private citizens. This case also concerns enforcement of private suits, of the Telephone Consumer Protection Act of 1991 (TCPA or ACT) 47 U.S.C. § 227. Voluminous complaints were made to varied State of Vermont department agencies, for instance, Vermont Office of the Equal Employment Opportunity Commission who blatantly refused to investigate the allegations presented here. Voluminous consumer complaints about abuses of telephone technology—for example, the use of fax machines to transport personally identifiable information of the plaintiffs across interstate lines. The Act bans certain practices that invade the privacy of others, by way of telephone communication tools. Federal Communications Commission (FCC) to prescribe the implementation of the regulation.

Jurisdiction over-private suits, Congress provided exclusively lies in the U.S. district courts. Congress also provided for civil actions by private parties seeking redress for violations of the TCPA and or the states refusal to implement Commission bound regulatory requirements. Therefore, the State of Vermont Professional Regulatory Board, specifically the Office of the Board of Nursing engaged in unethical federal violations of the TCPA "ACT". TCPA bans all forms of advertising facsimiles, to say, for the wrongful transmission of personal letters to the state to be released, the State of Vermont would have needed, by mutual consent, an opt-out-

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 7

notice. (See., S. Lauren Hibbert Fax., Exhibit A). Junk Fax Prevention Act (JFPA) are a set of laws that restrict the use of fax machines for advertising. The states interstate advertisement of a private letter scribed to the Office of the Vermont Secretary, specifically Jim Condos in his official capacity constitutes as the violation of said rights as set forth in the allegations.

S. Lauren Hibbert ("Hibbert") issued the Vermont Secretary of State bound instrument via fax to the State of New Jersey. In most cases, mail directed to Secretary's of State are considered classified information. Classified information is a material that a government body deems sensitive information that should be protected. Access is restricted by law or regulation to groups of people with the necessary security clearance and need to know, and mishandling of the material can incur, or be adduced to criminal activities. The indication here is that the State of New Jersey failed to be privileged to gain access to a correspondence mailed to Vermont Secretary of State. The United States Government classifies such letter(s) to Mr. Jim Condos, Vermont Secretary of State as confidential instruments, within the letter where private identifiable information.

Vermont Statutes "Secretary of State" Chapter 5 Subchapter 3 "Professional Regulation" 3 V.S.A. § 129a (2)(7)(16) (Advertising that is intended to deceive; Willfully making or filing false reports or records in the practice of the profession) or willfully impeding or obstructing the proper making or filing of reports or records, or willfully failing to file the proper reports. Hibbert understood at the time of the plaintiff's application that she lacked Vermont professional licensure, yet an application, requests were made to take such professional independent exams through approvals of the State of Vermont Board of Nursing. Vermont regulatory Board of

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 8

Nursing rules lacked regulatory laws or state case law that cite the remittance of State of Secretary data to interstate boards of nursing for the purposes of National Council State Board of Nursing exams.

Exams are approved by each state independent of the other, while each state regulates their own nurse practice act independently. Vermont Statutes Chapter 28 Subchapter 1 "General Provisions" 26 V.S.A § 1574 and 3 V.S.A § 129 (4) After an opportunity for a hearing, the Board may deny or withdraw approval or take lesser actions. The plaintiff failed to hold an active Vermont Professional License, specifically Vermont Registered Nurse license, which would call the plaintiff's conduct, if any, under the authority of the Vermont Board of Nursing (VBON) and otherwise, she maintained residency in the Commonwealth of Pennsylvania as a private citizen at the time the State of Vermont Secretary of State released her confidential information interstate via telephone instruments (e.g., faxes) without cause to do so.

The United States allocation budget for the states renders funds for the purposes of issues that arise from occupational and job-related abuses. Federal agencies authorize the allocation of funds for the State of Vermont to employee and operate programs that investigate allegations of discrimination, and job-related complaints. Complaints were made to the Office of Vermont Attorney General, who too investigates state claims against similar forms of discrimination. TJ Donovan, Vermont Attorney General was made aware of the gravity of the issues, similarly situated as the State of Vermont Secretary, whose office is tasked with overseeing the Office of Vermont Professional Regulation, by way of the Vermont Board of Nursing. Each office was

VIOLATION OF CIVIL LIBERTIES: VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 9

provided instruments that illuminated the acts of S. Lauren Hibbert, ("Hibbert") Vermont Board of Nursing Director's disproportionate acts speak to the "Unclean hands doctrine".

Data shows that Hibbert faxed letters labeled for the Vermont Secretary of State, Jim Condos to the State of New Jersey to assist in matters unrelated to the State of Vermont's interest. (See., Letter and tox fax number") according to Vermont Secretary of State webpages, the fax number location and destination of the letter was faxed to the New Jersey Board of Nursing. Vermont recently signed into law legislation (110) to address several issues related to data privacy and consumer protection —such as expanding the definition of personally identifiable information (PII) in the letter faxed to the State of New Jersey from Hibbert's Office, personally identifiable information lied within such as: achievement and employment histories. The letter was provided to Jim Condos Office, and by know means addressed to S. Lauren Hibbert.

Under the Vermont Security Breach Notice Act, data collectors are required, in certain circumstances, to report data breaches of (PII). However, there lacks and indication that Hibbert notified appropriate state authorities or the plaintiff that her personal identification was used or provided to varying states. Vermont's legislation expanded to include the following private identifiers as "private data": consumer's name, e-mail address, address, or academic data, with is covered under federal regulation Federal Education Privacy Rights Act 'FERPA".

The term "consumer" means a buyer (other than for the purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied warranty (or service of the contract) applicable to the product. Whereby, the State of Vermont VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 10

fails to own to operate nor own licensing of any part (corporate or independent shares) akin to the National Council Examination Licensure (NCLEX) Registered or Practical Nurse examinations: In other words, 12 U.S.C. § 5481 defines the term consumer as "consumer" means an individual or an agent, trustee, or representative acting on behalf of an individual.

The National Council of State Boards of Nursing (**NCSBN**) is a not-for-profit organization whose purpose is to provide an organization through which boards of nursing act and counsel together. The agency is independently owned and operated having the sole responsibility of developing national recognized critical thinking and mathematical questions.

The scheme of redress for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, requires a complainant to file a "charge" with the Equal Employment Opportunity Commission with a certain time, after the conduct alleged, 78 Stat. 259, 42 U.S.C (§) 2000e-5€ (1) (1994 ed) and affirm or swear that the allegations are true, (§) 2000e-5(b). The issue here is the validity of the State of Vermont, specifically the Secretary of State, and Equal Employment Opportunity Commissions, to deny investigative procedures' where complaints of discrimination and state barred access to public programs and independent studies were waged. The Vermont Board of Nursing ("the Board") is created by the Vermont legislature. Chapter 28 of Title 26 of the Vermont Statutes gives the Board specific powers and duties. The Board has adopted these rules to aid applicants, licensees, and the general public to understand the requirements for the professions and activities regulated by the Board. Chapter 28 of Title 26 of the Vermont Statutes establishes the Board's responsibilities for setting standards, issuing licenses, and regulation. Board powers are also conferred by Subchapter III of Chapter 5 of Title 3 "Professional Regulation," the statutes creating and governing the Office of Professional

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 11

Regulation, the "Office". 3 V.S.A. §§ 121-132). In addition to the "Professional Regulation" statutes, the Board is subject to other state laws including the "Administrative Procedure Act" (3 V.S.A. §§ 801-849), the "Open Meeting Law" (1 V.S.A. §§ 310-314), the "Access to Public Records Law" (1 V.S.A. §§ 315-320), and the "Law of Professional Regulation" (3 V.S.A. §§ 121-132). In contested cases, the Board follows the Vermont Rules of Evidence, as modified by the Administrative Procedure Act.

These laws set forth the rights of applicants, license holders, and members of the public. The Office provides legal counsel to help the Board comply with all laws affecting Board business. [Vt.] Administrative Rule 1.6 Right to a Written Decision (a) The Board will notify applicants in writing of all decisions to either grant or deny a license, license renewal or reinstatement. If a license, renewal, or reinstatement is denied, the Board will give the applicant specific reasons and will also inform the applicant of the right to appeal the Board's decision. This is called a "preliminary denial." (b) The Board, or the Office on behalf of the Board, most often issues a preliminary denial of licensure, renewal or reinstatement when it appears from the application and accompanying documents that the applicant does not meet all the requirements for licensure. When this occurs, the applicant is notified of the right to file an appeal which is heard as a formal hearing by the Board. At the hearing the burden of proof is on the applicant to show that the preliminary denial was in error. After that hearing the Board issues a final decision in writing. If the decision affirms the preliminary denial of a license, the decision informs the applicant of his or her appellate rights. The evidence will show that the state took measures that defied their own rules while violating the constitutional and civil rights of the plaintiff. The board agency failed to

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 12

provide protective mechanisms reported therein, while it appears that the agency released [via fax protected information] to the State of New Jersey in an unrelated matter. *(See Exhibit A)*

The evidence shows that Vermont Board of Nursing "VOB" participated in matters that procured falsified information regarding the plaintiff, an African American college graduate and educator. Records reveal that S. Lauren Hibbert, Director of Professional Regulation and Phillis Mitchell developed false materials that were faxed from Lauren Hibbert's office to the New Jersey Board of Nursing, to prohibit the plaintiffs access to occupational examination(s). *(See, Jim Condos correspondence Vermont Secretary of State)*. In the letter to Mr. Condos, Vermont Secretary of State, the plaintiff requested an opportunity to be approved for the third-party independent examination- based upon gained education and experience.

Vermont Board of Nursing ("VOB") administrative rules provides the following: (Part 6 "Registered Nurse" 6.1—6.3) —6.1 Requirements for Licensure as a Registered Nurse There are two ways to become licensed as a registered nurse. (a) Examination: An applicant may apply based on education and licensing examination; (b) Endorsement: An applicant who is licensed in another jurisdiction may apply based on the other jurisdiction's license. This is called "licensure by endorsement." (c) The Board may require any applicant for licensure or prelicensure to authorize, secure, and provide to the Board an assessment from an appropriately qualified professional person or previous employer of the applicant's current mental, physical, and professional ability to practice as a registered nurse. Applications filed by the plaintiff to the State of Vermont remained unanswered for the implementation of racial misnomers that denied her right(s) to gain access to independent exams. Vermont Administrative Rules, Part 6.2

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 13

Amendment retaliation claim requires an "adverse action" by the defendant that "would deter a person of ordinary firmness from continuing to engage in the kinds of protected conduct in which [the plaintiff] was engaging *Id.* (internal quotation marks and citations omitted).

**ARGUMENTS'**

Specifically, the allegations reported here are against S. Lauren Hibbert, Jim Condos, and Phillis Mitchell ("collectively, employees State of Vermont"). Counts I-II are waged against the United States Department of "Equal Employment Opportunities Commission" and "State of Vermont Secretary of State" office(s). Count III- are waged against S. Lauren Hibbert and Phillis Mitchell an individual for participation and development of falsified instruments shuttled interstate for the purposes of civil matters unrelated to the State of Vermont interest. Therefore, this complaint seeks redress, actual and punitive damages, and permanent injunctive relief, embolden requests for the permanent redaction of public and private data from state and federal repositories regarding data procured through the Office of State of Vermont Secretary dated on 30th day of July 2018. *(See., Secretary of State Jim Condos document).*

The Office of the State of Vermont Secretary participated with the distribution of the private contents of the letter, for the purpose of the interstate interchange of information. The states unapproved ad hoc disciplinary action was in direct rebuke of applications made to the State of Vermont, in terms of job-related examinations. The states disparate treatment refers to the intentional discrimination, where the state deliberately prohibited the plaintiff a member of three federally protected classes was deliberately treated differently that the state rules allowed. U.S.C 29 CFR § 1607.11 is the unequal treatment distinguished by the states acts that prohibited and

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 3

"Applicants Not Qualified for Endorsement" Applicants who do not qualify for licensure by endorsement must meet the requirements for licensure by examination. Rule 6.3 "Licensure by Examination" To be eligible for licensure by examination as a registered nurse, the applicant must: (a) graduate from an approved registered nursing educational program as shown by verification of education form, and for programs other than those in Vermont approved by the Board, an official transcript; (b) apply for and receive Board approval to take the NCLEX examination.

The purpose of the plaintiff's application was to apply and receive board approval for third-party NCLEX examination tests as defined within Vermont Board of Nursing Rules. Plaintiff's Vermont Board of Nursing application offered the following completed education credentials: Rowan at Gloucester County College (A.S. Arts & Sciences., degree conferred 2015), Southern New Hampshire University (B.A General Science, degree conferred 2015) , and Excelsior College ( CLEP, Registered Nurse Completion 2014).

**Vermont Regulatory requirements'; Part 6.6 "Licensure by Endorsement and Experience":**

The Board may issue a license to an applicant who: (a) is licensed as a registered nurse in a United States jurisdiction based on a U.S. nursing education program and (b) has practiced nursing in that jurisdiction for a minimum of: (1) 50 days (400 hours) in the previous 2 years; or (2) 120 days (960 hours) in the previous 5 years. (c) If there is a question about the applicant's education or practice of nursing, the Board may require the applicant to provide a job description or other evidence of the required qualifications and expected job responsibilities. The job description shall be certified as true by employers or other appropriate persons. In 2018,

Secretary of State Jim Condos were notified of the agencies inability to adhere to administrative rules, in so doing, evidence in the forum of certified college conferrals were provided as evidence of appropriate education metric met for examinations. Based on State of Vermont's Administrative Rules—6.6 "Licensure by Endorsement and Experience" The Board may issue a license to an applicant who: (a) is licensed as a registered nurse in a United States jurisdiction on the basis of a U.S. nursing education program and (b) has practiced nursing in that jurisdiction for a minimum of: (1) 50 days (400 hours) in the previous 2 years; or (2) 120 days (960 hours) in the previous 5 years.

Formerly a Licensed Practical Nurse "LPN" the plaintiff gained original licensure in the Commonwealth of Pennsylvania in 2004. At the time of grievance to the State of Vermont, specifically Jim Condos, the plaintiff held an estimated fifteen years of nursing experience. A Bachelor of Science in Nursing (BSN, BScN) also known in some countries as a Bachelor of Nursing (BN) or Bachelor of Science (BS) with a Major in Nursing is an academic degree in the science and principles of nursing, granted by an accredited tertiary education provider. The course of study is typically **three or four years**. At the time of application, the plaintiff held an Associates and Bachelor's degree in Science and Practical nursing certification from Salem Community College having previously earned licensure in the Commonwealth of Pennsylvania.

In the absence of the above indicators, the states rules provide that if there is a question about the applicant's education or practice of nursing, the Board may require the applicant to provide a job description or other evidence of the required qualifications and expected job responsibilities. The job description shall be certified as true by employers or other appropriate persons. However,

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 15

there lacks and indication or formal request from the Vermont Board of Nursing, in terms of additional information to support the plaintiff's request for examination.

In fact, when requests were made to the State of Vermont regarding the licensure examination request, Mr. Gabriel Gilman, Vermont Board of Nursing Regulation Attorney remitted an email to the plaintiff that cited that the information provided to the state, was incomplete. (*See., Vermont Board of Nursing Application*). The truth is, state staffers failed to process the application, despite that the application request(s) were paid. The State of Vermont retained the plaintiff's funds without providing access to examinations and due process procedures as prescribed through Vermont Administrative Rules.

## FOURTEENTH AMENDMENT "DUE PROCESS" PROCEDURES"

Vermont Board of Nursing "VBON" (a) The Board will notify applicants in writing of all decisions to either grant or deny a license, license renewal or reinstatement. If a license, renewal, or reinstatement is denied, the Board will give the applicant specific reasons and will also inform the applicant of the right to appeal the Board's decision. This is called a "preliminary denial." (b) The Board, or the Office on behalf of the Board, most often issues a preliminary denial of licensure, renewal or reinstatement when it appears from the application and accompanying documents that the applicant does not meet all the requirements for licensure. When this occurs, the applicant is notified of the right to file an appeal which is heard as a formal hearing by the Board. At the hearing the burden of proof is on the applicant to show that the preliminary denial was in error. After that hearing the Board issues a final decision in writing. If the decision

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 16

affirms the preliminary denial of a license, the decision informs the applicant of his or her appellate rights.

While Mr. Gilman, an attorney for the State of Vermont Regulatory Board(s) understood that the plaintiff held a private appellate right to question the absence of or determination of applications made to the state, Gilman issued a misleading statement that suggested that the plaintiff's application was incomplete *(See., Vermont Board of Nursing Application, and Gilman E-mail., Exhibits C-D)*. And even if the application was incomplete, the agency failed to provide official notification that offered a time frame for revisions and re-submittance to the state for examination(s) considerations.

## FOURTEENTH AMENDMENT DUE PROCESS

The plaintiff's application materials were not reviewed or considered; thus, she brings this suit under 42 U. S. C. § 1983 to recover their value and consideration. At first blush one might well inquire why the plaintiff brought an action in federal court to recover damages for negligent loss of property, but because 28 U. S. C. § 1343, the predicate for the jurisdiction of the United States District Court, contains no minimum dollar limitation, she was authorized by Congress rules to bring his action under that section if requirements are met and if she stated a claim for relief under 42 U. S. C. § 1983.

Plaintiff argues that the State of Vermont failed to consider her application for third party examination(s). State board of nursing officials received appropriate college materials to support

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 17

application renderings, and yet failed to provide "appropriate" access to applications for occupational improvements. Vermont Administrative Rule 1.6 "Right to a Written Decision" (a) The Board will notify applicants in writing of all decisions to either grant or deny a license, license renewal or reinstatement. If a license, renewal, or reinstatement is denied, the Board will give the applicant specific reasons and will also inform the applicant of the right to appeal the Board's decision. This is called a "preliminary denial." The VBON failed to provide a preliminary denial, or any official indicator that would suggest that the plaintiff failed to meet the academic standard(s) for approval for third party examination. the Fourteenth Amendment to the United States Constitution, more specifically, the VBON embodies a due process mechanisms that was not allowed or provided to the plaintiff, as such, the plaintiff argues that the actions of state by way of the "VBON" violated her due process rights to hearings and administrative reconsideration processes, and that the agency deprived her of property without due process of law. The objective of Congress in the enactment of Title VII is plain from the language of the statute. It was to achieve equality of employment opportunities and remove barriers that have operated in the past to favor an identifiable group of white people. To say, act(s) of the state indelibly brokered discriminatory dissension — because the plaintiff, an African American college graduate was barred access to occupational tests, that would have yielded higher wages, if able to gain access to the opportunity that estimate's 25,000 to 50,000 thousand dollars additional per year. In other words, instead of earning an estimated 60, 000 thousand dollars per year, the plaintiff would have gained access to earning that exceed 80,000 per year, not to mention employment opportunities that are reserved for Registered Nurse (e.g., Director of Nursing, Utilization Review, and so forth).

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 18

Under the Act, practices, procedures, or tests neutral on their face, and even neutral in terms of intent, cannot be maintained if they operate to "freeze" the status quo of prior discriminatory practice. Essentially, acts related to requests for examinations that otherwise failed to gain access to programs and examinations as required by Vermont Administrative Rules. The Equal Employment Opportunity Commission, having enforcement responsibility, has issued guidelines interpreting § 703 (h) to permit only the use of job-related tests. The administrative interpretation of the Act by the enforcing agency is entitled to great deference. See, *e. g., United States* v. *City of Chicago,* 400 U. S. 8 (1970); *Udall* v. *Tallman,* 380 U. S. 1 (1965); *Power Reactor Co.* v. *Electricians,* 367 U. S. 396 (1961). Since the Act and its legislative history support the Commission's construction, this affords good reason to treat the guidelines as expressing the will of Congress.

And by no means was it the will of Congress for whites to abridge the rights of other ethnicity's seeking occupation (job related tests). The amendment was then adopted.  From the sum of the legislative history relevant in this case, the conclusion is inescapable that the EEOC's construction of § 703 (h) to require that employment tests be job related comports with congressional intent, and having congressional intent, requests for examinations were protected rights of the plaintiff, upon which the State of Vermont violated.

To say, testing measures are helpful, but not exhaustive and unrelated to Vermont's administrative. National Council State Board (NCSBN) is an independent organization that own and operate the Registered and Practical Nurse examinations. NCSBN examinations are proctored by Pearson Vue, a third-party computer-based testing center. To say, none of the

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 19

examination process relies upon state additives, rather than notification of the applicant's successful completion of the critical thinking examination.

## UNITED STATES EEOC VERMONT CHAPTER FILING

Title 42 U. S. C. § 2000e-5(e)(1) is a charge filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy before filing suit. *Alexander v. Gardner Denver Co., 415 U. S. 36, 47 (1974)*. An individual must file a charge within the statutory time period and serve notice upon the person against whom the charge is made. Attempts were made to file a charge of discrimination *(job related abuses)* with Vermont EEOC regarding this issue *(See., Vermont EEOC Denial emails)*.

Equal opportunity for all is one of our nation's most cherished and hard-fought values. Since 1965, the United States Equal Employment Opportunity Commission ("the EEOC," "the agency," or "the Commission") has been the leading federal law enforcement agency dedicated to preventing and remedying employment discrimination and advancing equal opportunity for all in the workplace. The U.S. Equal Employment Opportunity Commission (EEOC) is responsible for enforcing federal laws that make it illegal to discriminate against a job applicant or an employee because of the person's race, color, religion, sex (including pregnancy, transgender status, and sexual orientation), national origin, age (40 or older), disability or genetic information. At the time of requests for examination, the plaintiff exceeded the age of 40 years, and therefore gained access to additional federal protections.

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 20

As a threshold issue, it is true that "[e]quity eschews mechanical rules...... [and] depends on the factfinder, or investigative procedures. The states act(s) of barring third party examinations abridged the plaintiffs' civil rights and among other things. Civil liberties are rights guaranteed by the Constitution (primarily, First Amendment). They are described as natural rights which are inherent rights. Collectively, these rights bar state and federal governments intrusion into the lives of everyday citizens. While gleaning VBON education and experience guidelines, herein offered as exhibit C, there lacks cause for as to why the state engage in acts that prohibited the plaintiff from standardized job-related examinations, through which she was eligible. (*See.*, *VBON, Administrative rules Part 6.1-6.6; VBON original application").*

In general, "[t]he standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that [for a preliminary injunction] the plaintiff must show the likelihood of success on the merits rather than actual success" *Amoco Prod.Co v. Village of Gambell, 480 U.S.531, 546 n. 12, 107 S.Ct.. 1396, 94 L. Ed 2d 542 (1987) (internal citations omitted).* In this context of the case, "a party is entitled to permanent injunction if it can establish that it suffered a constitutional violation and will suffer "continuing irreparable for injury" for which there is no adequate remedy at law. *"Baird, 438 F.3d at 602 (citing Kallstrom v. City of Columbus, 136 F 3d 1055 1067 (6th Cir. 1998).*

Since this injury, the state has relied upon the Eleventh Amendment and sovereign immunity where the acts of the State of Vermont improperly imported deliberate acts of malice against the rights of an otherwise protected federal class/ populations of persons identified as African American, over the age of 40 years.

VIOLATION OF CIVIL LIBERTIES; VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 21

## CONCLUSION

The United States Constitution offers every American the right to life, liberty, and the pursuit of happiness. The act(s) of the State of Vermont prohibited the plaintiff from gaining access to job-related examinations that she otherwise was eligible. Tests were offered via a third-party examination provider unrelated to the states interest. Despite this, State of Vermont staffers engaged in acts that released private data remitted to the Vermont Secretary of State through use of emails and faxes. Since this, these acts have barred the plaintiffs fundamental right to job-related tests as prescribed through the United States Equal Employment Commission.

This landmark case determines the acts of states during the Trump presidency that otherwise ruined the rights of other ethnic groups, who sought occupational opportunities. This case asks the courts to consider the damages incurred by the acts of staffers of the state, in so doing, render justice as appropriate and respectful actual and punitive damages as the courts deem appropriate.

03/08/2022

Dated this day of Month, year.

_____
Attorney Name

VIOLATION OF CIVIL LIBERTIES: VIOLATION OF FOURTEENTH AMENDMENTS, "DUE PROCCESS" VIOLATION OF § 1983FIRST AMENDMENT VIOLATION(S), INVASION OF PRIVACY - 22

Education Consulting & Research
Group

Manchester NH 03103
MON 14 MAR 2022 PM
152

152

LOVE FOREVER USA

U.S. District Court
District of New Hampshire
55 Pleasant Street
RM 110
Concord, NH
03301

Clerk of Clerk:
Daniel J. Lynch