**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Maketa S. Jolly</u>

    v.                                               Case No. 22-cv-95-LM

<u>United States Equal
Employment Opportunities
Commission, et al.</u>

### Report and Recommendation

Maketa S. Jolly, who is proceeding pro se and in forma pauperis, filed a complaint against the United States Equal Employment Opportunities Commission and employees of the State of Vermont, alleging claims that appear to arise from Jolly's unsuccessful efforts to obtain a nursing license in Vermont. Jolly then filed a motion for "Default Summary Judgment," doc. No. 3.  The complaint has been referred for preliminary review pursuant to 28 U.S.C. § 1915(e)(2), and the motion has been referred for a report and recommendation.

### Standard of Review

On preliminary review, the court will dismiss sua sponte an action brought by a pro se plaintiff if, among other things, the suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B).

For purposes of deciding whether the complaint states an actionable claim, the court takes the factual allegations, without legal conclusions, as true and determines whether those facts are sufficient to state a plausible cause of action. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102 (1st Cir. 2013); Machado v. Weare Police Dept., 494 F. App'x 102, 105 (1st Cir. 2012). The court liberally construes a pro se complaint, using a less stringent standard than would apply to a pleading filed by a lawyer. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## **Discussion**

Although the complaint is difficult to understand, Jolly appears to allege claims that she was unable to obtain a nursing license in Vermont because of the actions of the Equal Employment Opportunity Commission ("E.E.O.C."), the Vermont Office of the Secretary of State, and employees of the State of Vermont. She contends that the defendants, or some of them, refused her the opportunity to take an examination in violation of her rights under the First, Fourth, and Fourteenth Amendments. She also alleges that some of the defendants disclosed her personal information to the State of New Jersey in violation of the Telephone Consumer Protection Act of 1991.

Where the defense of improper venue is "obvious from the face of the complaint and no further factual record is required

2

to be developed, the court may, sua sponte, dismiss the case." Hart v. Three Unnamed New York City Police Officers, No. 20-CV-778-SM, 2021 WL 2118317, at *1–2 (D.N.H. Mar. 30, 2021), report and recommendation adopted sub nom. Hart v. Three Unnamed New York City Policemen, No. 20-CV-778-SM, 2021 WL 2109658 (D.N.H. May 24, 2021). Venue is appropriate in the judicial district where all of the defendants reside, or where a substantial part of the events giving rise to the plaintiff's claims occurred. 28 U.S.C. § 1391(b).

Jolly is a resident of Pennsylvania. None of the defendants are residents of New Hampshire and none of the actions and circumstances she alleges occurred in New Hampshire. As such, the complaint demonstrates that venue does not lie in the District of New Hampshire.

In addition, Jolly has attempted to bring these claims or related claims in other districts without success. See, e.g., Jolly v. Sniscak, 22-10534, 2022 WL 1547837 (E.D. Mich. May 16, 2022); Jolly v. Geib, 22-cv-395(UNA), 2022 WL 1500562 (D.D.C. May 9, 2022); Jolly v. Excelsior College, 21-cv-621-(DNH/TWD), 2021 WL 4775241 (N.D.N.Y. Oct. 12, 2021); Jolly v. Mitchel, 19-cv-2208, 2019 WL 2268972 (E.D. Pa. May 24, 2019). Based on her prior cases, Jolly is aware that the federal government and its agencies are immune from suit absent consent, that claims for money damages against states and state officials in their

official capacities are barred by the Eleventh Amendment absent consent, and that venue is an essential element of her suit which is lacking when the parties are not from the forum state and no events occurred there.  Further, to the extent she has litigated these claims in other suits, the claims alleged here are barred by res judicata.  Jolly, 2021 WL 4775241, at *3.

## Conclusion

For the foregoing reasons, the district court should dismiss the complaint (doc. no. 1) on preliminary review for lack of venue in the District of New Hampshire and because the claims against the Equal Employment Opportunity Commission and the agencies of the State of Vermont are barred by sovereign immunity and the Eleventh Amendment.  With the dismissal of the complaint, the motion for default summary judgment (doc.no. 3) should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file

any objections within the specified time waives the right to appeal the district court's order. See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

*[signature]*
_____
Andrea K. Johnstone
United States Magistrate Judge

June 30, 2022

cc: Maketa S. Jolly, pro se.

5